DLD-140                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1107
_____

IN RE:  CRAIG ALLEN WILLIAMS,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-15-cv-01521)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 11, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: March 18, 2016)
_____

OPINION*
_____

PER CURIAM

Craig Allen Williams, proceeding pro se, seeks a writ of mandamus to challenge

the District Court's dismissal of his petition for a writ of habeas corpus filed pursuant to

28 U.S.C. § 2241.  In particular, he requests that we direct the United States District

Court for the Middle District of Pennsylvania to "vacate the memorandum and dismissal

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order it entered on October 27, 2015." For the following reasons, we will deny the mandamus petition.

A jury in the Superior Court of the District of Columbia convicted Williams of first degree murder in 1990. He was sentenced to a term of imprisonment of 20 years to life. In 2008, Williams filed a habeas petition in the Middle District, which construed it as seeking relief under 28 U.S.C. § 2241 and transferred it to the United States District Court for the District of Columbia. The District of Columbia District Court concluded that Williams' ineffective assistance of counsel claim lacked merit. Williams v. Martinez, 683 F. Supp. 2d 29, 32-33 (D.D.C. 2010).

In August 2015, Williams filed a petition in the Middle District pursuant to 28 U.S.C. § 2241, alleging that his 2008 petition was improperly construed as seeking relief under § 2254 and incorrectly transferred to the District of Columbia District Court. He also reasserted the ineffective assistance of counsel claim that he had raised in his 2008 petition. The District Court denied relief, holding that the disposition of his 2008 petition was proper because a District of Columbia conviction is treated as a state conviction for habeas purposes. See Wilson v. U.S. Parole Comm'n, 652 F.3d 348, 352 (3d Cir. 2011). The District Court also concluded that Williams' challenge to his counsel's performance amounted to an unauthorized second or successive habeas petition. Accordingly, by

2

order entered October 27, 2015, the District Court dismissed the § 2241 petition. Williams appealed.[1]  Shortly thereafter, he filed the present mandamus petition.

Mandamus is an appropriate remedy only in the most extraordinary situations.  In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994).  To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ.  See Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)).  Notably, a mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ.  In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

The circumstances here are not extraordinary, and Williams has failed to show that he has no other adequate means to challenge the District Court's dismissal of his § 2241 petition. In fact, he has already availed himself of the proper means for seeking relief by filing a notice of appeal.  Any claims of error regarding the District Court's decision may be set forth in that appeal.  Williams may not use a mandamus petition as a substitute for the appeals process.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).  We will therefore deny the petition.

---

[1] That matter has been docketed in this Court at C.A. No. 15-4055, and remains pending.